The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or Amend the Opinion and Award.
A Form 21, Agreement for Compensation for Disability, having been approved by the Industrial Commission on August 11, 1989 in Industrial Commission file #945718 and three Form 26's, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on May 8, 1990, April 30, 1991, and December 17, 1991, respectively in Industrial Commission File #945718, constitute awards of records and, as such, are incorporated herein by reference. An executed Pre-Trial Agreement, entered into by the parties on September 21, 1994 as supplemented by defendants' Pre-Trial Agreement of September 21, 1994, is incorporated herein by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On July 10, 1989, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer resulting in an injury to his left knee.
2. For his July 10, 1989 compensable knee injury, plaintiff was seen by Doctors Long, Bennett, Campbell, Winfield and Poehling, and was treated conservatively, including physical therapy, and surgically, including a lateral release and a lateral meniscectomy.
3. For his July 10, 1989 compensable knee injury, plaintiff was paid temporary total disability from July 11, 1989 through January 8, 1990 and from January 21, 1991 through September 2, 1991 and temporary partial disability compensation from January 9, 1990 through May 5, 1990, pursuant to approved form Agreements.
4. Plaintiff was released to return to work, following his second left knee surgery, on September 2, 1991. Plaintiff has continued to work with defendant-employer since September 2, 1991 at the same or greater wages than he was earning on July 10, 1989. At the time plaintiff returned to work on September 2, 1991, he continued to experience some discomfort in his left knee for which he came under the care of Dr. Poehling.
5. As a result of his July 10, 1989 compensable knee injury and resulting surgeries, plaintiff has reflex sympathetic dystrophy of the left leg for which he continues to require medical monitoring in order to effect a cure, give relief, or lessen his disability.
6. Plaintiff reached the end of the healing period from his July 10, 1989 compensable knee injury and resulting surgeries on March 5, 1992.
7. As a result of his July 10, 1989 compensable knee injury and resulting surgeries, plaintiff has a thirty-five percent permanent partial impairment of his left leg.
8. Plaintiff has never received compensation for the thirty-five percent permanent partial impairment of his left leg.
9. There has never been a final award of compensation for permanent partial impairment of plaintiff's left leg as a result of his July 10, 1989 compensable knee injury and resulting surgeries.
10. On July 10, 1989, plaintiff's average weekly wage was $220.00, with a corresponding compensation rate of $146.67.
11. On January 15, 1991, plaintiff, while in the normal course of his duties for defendant-employer, was putting a sofa into packaging when the sofa slipped and jerked his right arm, elbow and shoulder. This incident constituted an interruption of his normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Although plaintiff contends that he reported this incident to his employer shortly after it occurred, defendant-employer claims to have no knowledge of the same and did not prepare a Form 19 regarding the incident.
12. Plaintiff first sought medical treatment for his right arm, elbow and shoulder on or about January 17, 1991.
13. For his right arm, elbow and shoulder, plaintiff has been seen by Doctors Falkenberry, Klingman, Hartie, Bennett and Poehling.
14. For the January 15, 1991 incident, plaintiff first provided written notice to defendant-employer of the same when he filed an Industrial Commission Form 18 and an Industrial Commission Form 33 with the Industrial Commission on March 6, 1993.
15. Plaintiff failed to file a claim for injury to his right arm, elbow and shoulder with the Industrial Commission within two years of January 15, 1991.
16. There is insufficient evidence of record from which to determine by its greater weight that defendants induced plaintiff into any delay in filing a claim with the Industrial Commission for injury to his right arm, elbow and shoulder within two years of January 15, 1991.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On July 10, 1989, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer and as a result thereof was temporarily totally disabled from July 11, 1989 through January 8, 1990 and from January 21, 1991 through September 2, 1991 and temporarily partially disabled from January 9, 1990 through March 5, 1990, for which plaintiff has already been paid temporary total disability compensation and temporary partial disability compensation pursuant to approved form Agreements. G.S. § 97-2 (6); G.S. § 97-17; G.S. § 97-29; and G.S. § 97-30.
2. As a result of his July 10, 1989 injury by accident, plaintiff is entitled to have defendant Alexvale Furniture, Inc. and United States Insurance Group pay all medical expenses incurred, or to be incurred, including medical monitoring for plaintiff's reflex sympathetic dystrophy of his left leg, to the extent that the same are reasonably required to effect a cure, give relief or lessen his disability. G.S. § 97-25; Hyler v. GTEProducts Corp., 333 N.C. 258, 455 S.E.2d 698 (1993).
3. As a result of his July 10, 1989 injury by accident, plaintiff has a thirty-five percent permanent partial disability to his left leg for which he is entitled to 70 weeks of compensation at the rate of $146.67 per week as of March 5, 1992, the date he reached the end of the healing period from his July 10, 1989 injury by accident and resulting surgeries. G.S. § 97-31 (15).
4. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. G.S. § 97-24 (a).
5. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two year period prescribed by G.S. § 97-24 for injury to his right arm, elbow and shoulder, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act for the same. G.S. § 97-24 (a).
6. Defendants are not estopped to rely on G.S. § 97-24 in bar of plaintiff's claim for injury to his right arm, elbow and shoulder. G.S. § 97-24.
* * * * * * * * * * *
AWARD
1. Defendants Alexvale Furniture, Inc. and United States Insurance Group shall pay plaintiff, on account of his permanent partial disability to his left leg, 70 weeks of compensation at the rate of $146.67 per week. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
2. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due under Paragraph 1 of the above AWARD is hereby approved for plaintiff's counsel, Mr. Franklin Smith, now withdrawn.
3. Defendant Alexvale Furniture, Inc. and United States Insurance Group shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's July 10, 1989 compensable knee injury, including medical monitoring for plaintiff's reflex sympathetic dystrophy to his left leg, to the extent the same are reasonably required to effect a cure, give relief or lessen his disability.
4. Defendant Alexvale Furniture, Inc. and United States Insurance Group shall pay all costs incurred in Industrial Commission File #945718.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act for injury to his right arm, elbow and shoulder in Industrial Commission File 319854 must be, and the same is, DENIED.
2. Each side shall pay its own costs.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER